# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KEVIN BROWN | : | CIVIL ACTION |
| --- | --- | --- |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | No. 09-cv-3857 |
| TROY LEVY, WARDEN, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

TIMOTHY R. RICE　　　　　　　　　　　　　　　　　　　　　　　　　March 31, 2010
U.S. MAGISTRATE JUDGE

Petitioner Kevin Brown, a prisoner at the Federal Detention Center in Philadelphia has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, I respectfully recommend his claims be denied as procedurally defaulted.

## FACTUAL AND PROCEDURAL HISTORY

Pursuant to his guilty plea, Brown was convicted of escape from institution, D.C. Code § 22-2601(b), and was sentenced to ten months imprisonment, followed by three years of supervised release. See Petition for Writ of Habeas Corpus under 28 USC § 2241 at 2, Brown v. Levy, No. 09-cv-3857 (E.D. Pa. Aug. 21, 2009) [hereinafter Petition]; Alleged Violations Report from Tyrone Brittingham to Stephen Nasko at 2, Non-Compliance with Supervised Release, Docket No. 2005-FEL-5006 (Sept. 26, 2008) [hereinafter Sept. 26, 2008 Report]. Brown's supervised release began on October 2, 2006. See Warrant, D.C. Code Offender, Brown, Kevin Arthur, Reg. No. 37116-007 (Feb. 1, 2007).

On March 23, 2007, Brown was arrested on a warrant, charging violations of the conditions of supervised release. See Warrant for Return of Prisoner Released to Supervision,

Brown, Kevin Arthur, Reg. No. 37116-007 (Mar. 23, 2007). A probable cause hearing was held on April 20, 2007, see D.C. Probable Cause Hearing Digest, Brown, Kevin Arthur, Reg. No. 37116-007 (Apr. 20, 2007); and a revocation hearing was held on June 6, 2007, where the Parole Commission found Brown in violation of the conditions of supervision, revoked Brown's supervised release term, and sentenced Brown to eight months imprisonment, followed by a new twenty-eight month term of supervised release, see Hearing Summary, Brown, Kevin, Reg. No. 37116-007 (July 4, 2007). Brown's supervised release began on October 11, 2007. See Sept. 26, 2008 Report at 2.

On December 27, 2008, a warrant was issued, charging Brown again violated the conditions of his parole. See Warrant, D.C. Code Offender, Brown, Kevin Arthur, Reg. No. 37116-007 (Dec. 27, 2008); Warrant Application, D.C. Code Offender, Brown, Kevin, Reg. No. 37116-007 (Dec. 27, 2008). Pursuant to the warrant, Brown was arrested by the Philadelphia Police Department on May 8, 2009 and taken into custody by the United States Marshal's Service. See Summary Report of Preliminary Interview at 1, Kevin Brown, Reg. No. 37116-007 (June 19, 2009) [hereinafter Preliminary Report].

On June 17, 2009, United States probation officers conducted a preliminary interview, in which the officers read to Brown and provided Brown a copy of, the warrant application and warrant request. Brown declined counsel for his preliminary interview, but requested court appointed counsel for his revocation hearing. Brown also requested to have a local revocation hearing to expedite the matter. Id.; Preliminary Interview and Revocation Hearing Form (June 17, 2009).

The Parole Commission found probable cause to believe Brown had violated the

conditions of his supervised release.  See Letter from Jordana Randall to Kevin Brown (Aug. 12, 2009).  Brown requested to call United States probation officers "Tyrone Brittingham, Mr. Williams (first name unknown), and Shirta Kaymore with CSOSA[1]" as adverse witnesses at his revocation hearing.[2]  See Letter from Kathleen Mulcahy to Jordana Randall RE: Kevin Brown Reg. 37116-007 (July 13, 2009).  The Parole Commission recommended Kaymore be available as a witness.  However, the Parole Commission found good cause to excuse Brittingham and "Mr. Williams" as witnesses because Brittingham was no longer employed by CSOSA, and Brown did not further identify "Mr. Williams" nor specify the subject matter on which "Mr. Williams" would be testifying.  See Probable Cause Worksheet at 2, Kevin Brown, Reg. No. 37116-007 (Aug. 4, 2009).

A revocation hearing was held on October 28, 2009,[3] and the Parole Commission found Brown in violation of the conditions of supervision, and therefore Brown's supervised release term was revoked and he was sentenced to sixteen months imprisonment.  See SRAA Local Revocation, Brown, Kevin, Reg. No. 37116-007 (Jan. 4, 2010) [hereinafter Revocation]; Hearing

---

[1] CSOSA is the acronym for the Court Services and Offender Supervision Agency for the District of Columbia.  See CSOSA, http://www.csosa.gov/home.aspx (last visited Mar. 30, 2009).

[2] Brittingham was the Community Supervision Officer that requested the December 2008 warrant for Brown's violations of supervised Release, and Kaymore was Brittingham's supervisor.  See Sept. 26, 2008 Report.

[3] At the revocation hearing, Kaymore did not appear as a witness.  Community Supervision Officer Ashley Sims appeared as an adverse witness.  See Government's Response to Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 at 3, Brown v. Levi, No. 09-3857 (E.D. Pa. Feb. 4, 2010); Supplemental Brief in Support of Writ of Habeas Corpus Pursuant to 28 USC § 2241, Brown v. Levi, No. 09-cv-3857 (E.D. Pa. Nov. 2, 2009) [hereinafter Supplemental Brief].

Summary, Brown, Kevin, Reg. No. 37116-007 (Nov. 23 2009). Brown was informed the Parole Commission's decision was appealable to the National Appeals Board ("NAB") pursuant to 28 C.F.R. § 2.220 within thirty days from January 4, 2010, the date notice of the revocation was sent to Brown. See Revocation. Brown did not file an appeal to the NAB. See Declaration of Sharon Gervsasoni, Brown v. Levi, No. 09-cv-3857 (Mar. 22, 2010).

Brown filed a federal petition for a writ of habeas corpus, alleging: (1) due process violation for failure to return service; (2) due process violation for failing to adhere to federal rules of criminal procedure; (3) due process violation because he was unable to confront and cross-examine adverse witnesses. See Supplemental Brief; Petition at 2-3; Memorandum in Support of Writ of Habeas Corpus Pursuant to 28 USC § 2241 at 2-8, Brown v. Levy, No. 09-cv-3857 (E.D. Pa. Aug. 21, 2009). On February 11, 2010, Brown filed a "Traverse to Government's Response," alleging additional claims, including: (1) the Parole Commission failed to give notice of probable cause hearing; (2) the Parole Commission failed to notify Brown it found probable cause for charges against him; and (3) the United States Marshals failed to return the executed warrant in a timely manner. See Petitioner's Traverse to Government's Response for Writ of Habeas Corpus Pursuant to 28 USC § 2241, Brown v. Levi, No. 09-cv-3857 (E.D. Pa. Feb. 11, 2010) [hereinafter Traverse]. Brown also requests an evidentiary hearing to settle disputed facts. Id.

## DISCUSSION

A federal prisoner must exhaust his administrative remedies before seeking habeas relief under 28 § U.S.C. 2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). A petitioner must exhaust all administrative remedies to: (1) facilitate judicial review by allowing

4

the appropriate agency to develop a factual record and apply its expertise; (2) conserve judicial resources by permitting agencies to grant the relief requested; and (3) foster administrative autonomy by providing agencies the opportunity to correct their own errors. Id. at 761-62 (citing Bradshaw v. Carlson, 82 F.2d 1050, 1052 (3d Cir. 1981)); Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981).

A claim has been exhausted if the petitioner has asserted his claim at every administrative level. Moscato, 98 F.3d at 761. A petitioner challenging a Parole Commission decision must submit a written appeal to the NAB within thirty days of the decision. See 28 C.F.R. §§ 2.26(a), 2.220; Beard v. U.S. Parole Comm'n, 20 F.3d 465 (5th Cir. 1994) (table). If a petitioner fails to exhaust his administrative remedies and the administrative process is no longer available to him, the claim is procedural defaulted for purposes of federal habeas. Speight v. Minor, 245 Fed. Appx. 213, 215 (3d Cir. 2007); Moscato, 98 F.3d at 761.

The Parole Commission informed Brown his supervised release was revoked on January 4, 2010. See Revocation. Thus, Brown had until February 3, 2010 to appeal the Parole Commission's revocation decision. See 28 C.F.R. §§ 2.26(a), 2.220. Brown is now beyond the thirty-day period for filing an appeal. Brown's claims are procedurally defaulted because he failed to present his claims to the NAB, and federal habeas review is barred. See Speight, 245 Fed. Appx. at 216; Moscato, 98 F.3d at 761; Lawson v. U.S. Parole Comm'n, 2007 WL 1743958, at *8 (W.D. Pa. Sept. 18, 2007)

Brown may obtain federal habeas review of his § 2241 claims if he can show cause for the default and prejudice attributed thereto. Moscato, 98 F.3d at 759, 760, 761. To constitute cause to excuse default, Brown must show some objective factor external to him impeded his

5

efforts to raise these claims to the NAB. Lawson, 2007 WL 1743958, at *8.

Brown alleges he was unable to exhaust his administrative remedies because it "would be futile . . . [and] [t]here were no administrative remedies available." See Traverse. Brown does not establish, and I cannot find, cause to excuse the default of his claims. After his supervised release was revoked, Brown had, and was informed of, the administrative remedies available, i.e., he could appeal to the NAB within thirty days. Brown does not explain, nor can I find a reason, why an appeal to the NAB would have been futile. Because Brown cannot show cause, I need not address the question of actual prejudice. Moscato, 98 F.3d at 762 (citation omitted); Muse v. Weiss, 2008 WL 879927, at *4 (E.D. Pa. Mar. 31, 2008) (Baylson, J.). Accordingly, Brown's habeas claims are procedurally defaulted. See Speight, 245 Fed. Appx. at 216.

Further, because I find Brown's claims are procedurally defaulted, his request for an evidentiary hearing is moot.

Accordingly, I make the following recommendation.

**RECOMMENDATION**

AND NOW, this 31st day of March, 2010, it is respectfully recommended the petition for a writ of habeas corpus be DENIED with prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability.[4] The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy thereof. See Fed. R. Civ. P. 72. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

\s\ TIMOTHY R. RICE
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[4] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.