IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN BROWN | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 09-3857 |
| TROY LEVI | : | |

**O R D E R**

AND NOW this __11th__ day of __October__, 2011, upon consideration of Kevin Brown's Petition for Writ of Habeas Corpus (Doc No. 1), the Government's response thereto (Doc. No. 14), the Report and Recommendation of Magistrate Judge Timothy R. Rice (Doc. No. 15) and the Objections to the Report and Recommendation (Doc. No. 20), and after a thorough review of the entire record, it is **ORDERED** that the objections are **OVERRULED**, the Report and Recommendation is **APPROVED** and the Petition for Writ of Habeas Corpus is **DENIED**.[1]

---

[1] Kevin Brown was convicted of escape from an institution in violation of D.C. Code § 22-2601(b) (1994). He was sentenced to ten months in prison followed by three years of supervised released. (Pet. for Writ of Habeas Corpus 2, ECF No. 1.) Brown was subsequently released on supervised release, re-incarcerated for parole violations, released again on supervised release, and incarcerated again all between March 23, 2007, and May 8, 2009. (Gov.'s Resp. 3-4, ECF No. 9.) His final arrest occurred in Philadelphia on May 8, 2009, and a revocation hearing was held on October 28, 2009. (*Id*.)

Brown requested several witnesses for his revocation hearing including Tyrone Brittingham, a Mr. Williams and Shirta Kaymore. The Parole Commission ("the Commission") did not produce Brittingham because he no longer worked for the Court Services and Offender Supervision Agency. They did not produce Mr. Williams because Brown did not provide further identification information and did not advise of the nature of his testimony. (Gov.'s Resp. 4.) In addition, the Commission did not produce Kaymore, but did produce Ashley Sims, a Community Supervision Officer. (*Id*.) On January 4, 2009, after hearing, the Commission revoked Brown's supervised release and sentenced him to sixteen months incarceration. (*Id*.) Brown was advised that he had the right to appeal the Commission's decision to the National Appeals Board ("NAB") and that the appeal had to be filed within thirty days. (Resp. to Mot. for Summ. J. 4, ECF No. 14.) Brown did not file an appeal to the NAB. Rather, on January 4, 2009, Brown filed the instant Petition for Writ of Habeas Corpus. Magistrate Judge Rice issued a Report and Recommendation recommending that the writ be denied. Brown filed objections. (Objections to

IT IS SO ORDERED.

BY THE COURT:

*[signature]*

_____
R. BARCLAY SURRICK, J.

---

Report & Recommendation 1-2, ECF No. 20.)

     A federal prisoner must exhaust administrative remedies before seeking a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-63 (3d Cir. 1996) (discussing reasons for requiring exhaustion of administrative remedies). When a petitioner fails to exhaust administrative remedies, and those remedies are no longer available to him, his claim is considered procedurally defaulted. *Speight v. Minor*, 245 F. App'x 213, 215 (3d Cir. 2007) (non-precedential). When a claim is procedurally defaulted, review of the claim is barred unless Petitioner can show cause and prejudice. *Id*.

     Brown had 30 days to appeal the Commission's decision to revoke his supervised release. The latest date that he could have done so was February 3, 2010. He did nothing. (Report and Recommendation 5.) Therefore, Brown's claims are procedurally defaulted. Brown argues that there were no procedural remedies available to him at the Federal Detention Center in Philadelphia. (Objections 1.) However, he was aware of the procedural remedy that was available. He could file an appeal with the NAB. Brown next argues that the administrative remedies would have been futile. He does not explain why the remedies were futile but merely provides a one paragraph recital of the governing law. (*Id*.) This is not sufficient to show that administrative remedies would have been futile. Finally, Brown argues that the NAB review process only applies to appeals of decisions to revoke supervised release, impose a term of imprisonment, or impose a new term of supervised release. Since Brown is not challenging the Commissioner's decision, but is making due process allegations, he argues that this review requirement is not necessary. Even if true, this does not eliminate the requirement to exhaust all administrative remedies. Since Brown's time to file an appeal from the Commissioner's decision has expired, and he has not shown cause and prejudice, his claims are procedurally defaulted and his habeas petition must be denied.